Versión para imprimir


EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Aprobación de la Reglas para los Procedimientos de Investigaciones Especiales Independiente de la Rama Judicial | 2012 TSPR 21<br><br>184 DPR ____ |
| --- | --- |

Número del Caso: ER-2012-01

Fecha: 1ro de febrero de 2012

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aprobación de las Reglas para
los Procedimientos de
Investigaciones Especiales
Independientes de la Rama
Judicial                        ER-2012-01

RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de febrero de 2012.

En reiteradas ocasiones este Tribunal ha promulgado un sistema judicial independiente con una administración efectiva e imparcial de la justicia cimentada en la confianza de la ciudadanía. A estos efectos, hemos reglamentado los deberes generales de todos los jueces y juezas que componen nuestro sistema de justicia. Exigimos a la judicatura el cumplimiento con las leyes e incluso imponemos restricciones a nuestra conducta tanto en el ejercicio de nuestras funciones propiamente judiciales como en las personales o profesionales.

A la luz de los recientes acontecimientos, los Jueces Asociados y Juezas Asociadas que componemos esta Curia hemos advenido en conocimiento de una pesquisa iniciada por la Oficina de Administración de los Tribunales, dirigida por la Directora Administrativa de Tribunales, Hon. Sonia Ivette Vélez Colón. La referida investigación ha sido encomendada al Lcdo. César López Cintrón, a razón de $200 la hora hasta un máximo de $100,000 en seis meses. Todo ello se hizo bajo el aval y

conocimiento del Juez Presidente, Hon. Federico Hernández Denton, sin consulta ni notificación previa al Tribunal en Pleno.

Las expresiones vertidas concernientes a la investigación demuestran el uso de fondos públicos encaminados a investigar el dispendio de recursos de la Rama Judicial, incluyendo al Tribunal Supremo. Asimismo, se indicó que ello responde a los señalamientos que surgieron mediante una querella presentada por un alguacil auxiliar contra el Juez Presidente. Estos, a su vez, han dado lugar a serias investigaciones que realizan el Senado y el Departamento de Justicia.

La Sección 7 del Artículo V de la Constitución del Estado Libre Asociado y el Artículo 2.016 de la Ley Núm. 201-2003, según enmendada, conocida como "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003", 4 L.P.R.A. sec. 24n, disponen que "en la administración del Tribunal General de Justicia el Juez Presidente del Tribunal Supremo contará con la ayuda de un Director Administrativo de los Tribunales, quien también dirigirá la Oficina de Administración de los Tribunales". Este funcionario tiene la encomienda y desempeña su cargo a discreción del Juez Presidente.

Las circunstancias particulares a las que hoy se enfrenta el Tribunal Supremo requieren la acción inmediata de los Jueces y Juezas que lo componen. Así nos obliga el mandato dispuesto en la Sec. 7 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico al disponer que el "Tribunal Supremo adoptará reglas para la administración de los tribunales las que estarán sujetas a las leyes relativas a suministros, personal, asignación y **fiscalización de fondos**, y a otras leyes aplicables en general al gobierno". (Énfasis suplido). Dicha función recae en la totalidad de los miembros que forman el Tribunal Supremo. Véase, Art. V, Sec. 3, de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1.

La Constitución del Estado Libre Asociado de Puerto Rico no le reconoce a la Administración de Tribunales autoridad para realizar investigaciones disciplinarias de la conducta de los Jueces y Juezas del Tribunal Supremo. Estos solo "podrán ser destituidos por las causas y mediante el procedimiento..." de residenciamiento que la Constitución coloca en manos de la Asamblea Legislativa. Const. P.R., Art V, Sec. 11, L.P.R.A., Tomo 1. Véase, además, el Art. III, Sec. 21. Por otro lado, la facultad de investigar la posible comisión de delitos y de "hacer cumplir las leyes" recae en el Poder Ejecutivo. Const. P.R., Art. IV, Sec. 4, L.P.R.A., Tomo 1.

Más aun, resulta inapropiado que una funcionaria de confianza del Juez Presidente contrate servicios para

realizar una investigación sobre el uso de los fondos de la Rama Judicial relacionada con los serios señalamientos contra el Juez Presidente, Hon. Federico Hernández Denton, a quien ésta responde directamente. Lejos de fomentar la transparencia de los procedimientos e impulsar la confianza del Pueblo en nuestro sistema estas actuaciones pueden constituir represalias e interferencias con testigos de las investigaciones realizadas por otras ramas de Gobierno.

De conformidad con nuestro deber de promulgar y defender la independencia del Poder Judicial, los preceptos de nuestra función constitucional, y en respuesta a la necesidad de mantener mecanismos efectivos y trasparentes para atender aquellas investigaciones realizadas por la Rama Judicial que involucren o puedan involucrar a los Jueces y Juezas que componen esta Curia, o a su personal, establecemos las siguientes reglas:

### Regla 1. Título

Estas reglas serán conocidas como Reglas para los Procedimientos de Investigaciones Especiales Independientes de la Rama Judicial.

### Regla 2. Fundamento Jurídico

Estas reglas se aprueban de conformidad con las disposiciones del Art. V, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico. Tienen el fin de garantizar la pureza de los procedimientos investigativos realizados con fondos de la Rama Judicial, incluyendo los miembros de la judicatura, su personal, asignación y fiscalización de fondos y cualquier otro asunto de auditoría de recursos judiciales.

### Regla 3. Alcance

Estas reglas regirán cualquier procedimiento investigativo realizado con fondos de la Rama Judicial, relacionado con el uso de su personal, asignación, fiscalización de fondos y de recursos judiciales. Cualquier investigación bajo las reglas aquí dispuestas no podrá intervenir de forma alguna con las investigaciones conducidas por otras ramas de Gobierno ni con los testigos o posibles testigos.

### Regla 4. Solicitud de Investigación

(a) El Juez Presidente, cualquier Juez Asociado o Jueza Asociada del Tribunal Supremo, o el Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales, podrá solicitar al Pleno del

Tribunal una investigación al amparo de este Reglamento.

(b) La solicitud de investigación deberá cumplir con los siguientes requisitos si esta es presentada por el Director Administrativo o Directora Administrativa de la Oficina de Administración de los Tribunales:

(1) Se formulará por escrito.
(2) Se formulará bajo juramento.
(3) Identificará al Juez Presidente, o a la Jueza Asociada o al Juez Asociado o el asunto promovido o incluido en la investigación.
(4) Expondrá brevemente los hechos que motivan la investigación y el alcance de la misma.
(5) Incluirá, además, cualquier otra información e identificación de testigos y documentos que sustenten la solicitud de investigación.

(c) Al Juez Presidente, un Juez Asociado o una Jueza Asociada no se le requerirá juramento para que solicite la investigación.

**Regla 5.  Decisión para investigación**

Luego de presentada una solicitud para investigación el Tribunal en Pleno decidirá si ordena y remite el asunto a la Comisión de Investigación Especial Independiente del Tribunal Supremo para que se proceda con la misma.

Las decisiones para estos asuntos requerirán la aprobación de por lo menos dos terceras (2/3) partes de los Jueces y Juezas que componen este Tribunal.

**Regla 6. Comisión de Investigación Especial Independiente del Tribunal Supremo**

(a) Creación – La Comisión de Investigación Especial Independiente del Tribunal Supremo queda establecida de conformidad con la autoridad concedida por el Art. V, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico. La Comisión auxiliará al Tribunal en el ejercicio de su responsabilidad concerniente a investigaciones relacionadas con la administración de los tribunales que incluyan a los jueces que componen el Tribunal Supremo y/o su personal.

(b) Composición- La Comisión estará compuesta por una Presidenta o Presidente y

cuatro (4) Comisionadas Asociadas o Comisionados Asociados, nombrados por el Tribunal.

(c) Nombramiento-

(1) Los miembros de la Comisión serán nombrados, mediante Resolución, por el término que dure la investigación, el cual no deberá exceder de seis (6) meses a menos que se determine por el Tribunal causa justificada para extender el plazo.

(2) El Tribunal podrá nombrar, además, una Comisionada Asociada Alterna o un Comisionado Asociado Alterno para aquellos casos en que alguno de los miembros de la Comisión no pueda continuar con la designación delegada.

(d) Requisitos- Los miembros de la Comisión deberán ser ciudadanos de probada idoneidad e integridad moral y uno de ellos deberá contar con conocimiento y experiencia en procedimientos de auditoría e investigación.

(e) Dietas- Las Comisionadas o los Comisionados tendrán derecho a recibir una dieta de $45.00 por día de trabajo.

(f) Funciones- La Comisión realizará la correspondiente investigación y rendirá un informe al Tribunal dentro del término dispuesto para la encomienda. Al así hacerlo, actuará conforme a las salvaguardas provistas por el principio del debido proceso de ley y sus funciones estarán enmarcadas dentro del más amplio grado de independencia de criterio, imparcialidad y objetividad. El informe deberá contener una exposición de los hechos que dieron lugar a la investigación y un análisis de los mismos a la luz del derecho aplicable. El informe incluirá un apéndice de toda la prueba documental y referencia a cualquier documento que sostenga los hallazgos de la investigación realizada.

El expediente de la investigación de la Comisión es de naturaleza confidencial hasta que se disponga lo contrario o el investigado renuncie por escrito al carácter confidencial del mismo.

Luego de recibido el informe de la Comisión, el Tribunal podrá dar por concluida la investigación o devolverla para que se amplíe. La decisión a estos efectos deberá ser determinada

de la misma manera que se dispone en la Regla 5 para que se comience la investigación.

(g) Esta Comisión funcionará desde la sede del Tribunal Supremo de Puerto Rico y para garantizar su eficiencia operacional se instruye a la Oficina de Administración de los Tribunales a facilitar los recursos y apoyo que sean necesarios para cumplir con los propósitos dispuestos en este Reglamento.

(h) La Comisión no interferirá con la jurisdicción que la Constitución del Estado Libre Asociado de Puerto Rico confiere a las otras ramas constitucionales de gobierno. En ese sentido, cooperará con cualquier investigación dirigida a ejercer válidamente dicha jurisdicción en la medida que no sea incompatible con el descargo de la encomienda que emana de este Reglamento. De igual forma, velará por el cumplimiento de la Ley Núm. 426-2000, conocida como "Ley para la protección de los derechos de empleados y funcionarios públicos denunciantes, querellantes o testigos de alegados actos constitutivos de corrupción", 1 L.P.R.A. sec. 601, a fin de proteger los derechos de los empleados y funcionarios públicos denunciantes, querellantes o testigos de alegados actos impropios o ilegales en el uso de propiedad y fondos públicos, actos constitutivos de corrupción y violaciones a las leyes y reglamentos que rigen la conducta ética del servicio público.

**Regla 7. Asuntos no previstos; órdenes en auxilio de la jurisdicción de la Comisión**

El Tribunal Supremo determinará el trámite a seguir en los asuntos no previstos por estas Reglas, en la forma que garantice el cumplimiento de los propósitos de transparencia y sana administración pública que inspiran estos procedimientos.

Además, el Tribunal podrá emitir, por iniciativa propia o a petición de la Comisión, todas las órdenes que sean necesarias para proteger la jurisdicción de la Comisión y la integridad de su encomienda.

### Regla 8. Vigencia

La vigencia de estas reglas será inmediata y aplicará a todo proceso vigente, comenzado o por comenzar al momento de la aprobación de las mismas. Cualquier contrato otorgado que no cumpla con el procedimiento y los parámetros dispuestos por estas reglas quedará resuelto o rescindido, según sea el caso, y no podrán hacerse desembolsos de fondos públicos relacionados con ese contrato o cualquier otro gasto relacionado con la investigación objeto del mismo.

Se ordena la publicación inmediata de esta Resolución.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton hace constar la siguiente expresión: "Por encontrarme fuera del País, participando de la Conferencia de Jueces Presidentes de los Estados Unidos, y porque la mayoría ha certificado estas Resoluciones tan atropelladamente, me acojo al término reglamentario dispuesto en la Regla 5(b) para emitir un Voto Particular Disidente. No obstante, deseo hacer constar que disiento de las Resoluciones que hoy se emiten por ser contrarias a nuestro ordenamiento constitucional democrático. Mediante dichas Resoluciones, el Pleno del Tribunal usurpa unas prerrogativas y facultades que la Constitución le delegó expresamente al Juez Presidente. Además, esta actuación de la mayoría tiene el efecto de precipitar una crisis constitucional innecesaria y mancillar la independencia judicial en su vertiente administrativa. Asimismo, lacera la imagen, la historia y la legitimidad de este alto Foro, garante de los derechos constitucionales de los puertorriqueños". La Jueza Asociada señora Fiol Matta no está de acuerdo con el proceder de una mayoría del Tribunal recogido en esta Resolución, por entender que representa una actuación contraria a nuestro ordenamiento constitucional. Por consiguiente, se reserva el derecho a expresarse al respecto, conforme a la Regla 5(b) del Reglamento del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión: "Una mayoría del Tribunal decidió certificar la presente Resolución antes de la fecha informada en el día de ayer, por lo que no he tenido tiempo de expresarme sobre la actuación inconstitucional de este Tribunal. Por disentir del proceder de la mayoría, hago constar que me acojo al término reglamentario de la Regla 5 del Tribunal Supremo de Puerto Rico para emitir una expresión oportunamente".

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo